UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
CARY ZIMBLER,                                                                                 **DOCKET NO.:**

                                                                Plaintiff,

                        -against-
                                                                                              **COMPLAINT**
COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, NASSAU COUNTY POLICE OFFICER
MCCARTNEY (in his individual and official capacity),
NASSAU COUNTY POLICE OFFICER OLSON (in his
individual and official capacity), and NASSAU COUNTY
POLICE OFFICER JOHN DOES #1-10 (fictitiously                                                   **Plaintiff Demands a Trial**
named),                                                                                        **by Jury**

                                                                Defendants.
----------------------------------------------------------------------- X

Plaintiff, CARY ZIMBLER, by his attorneys, THE RUSSELL FRIEDMAN LAW

GROUP, LLP, complaining of Defendants COUNTY OF NASSAU, NASSAU COUNTY

POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER MCCARTNEY, NASSAU

COUNTY POLICE OFFICER OLSON, and NASSAU COUNTY POLICE OFFICER JOHN

DOES #1-10 (fictitiously named) (hereinafter, collectively referred to as "Defendants"),

respectfully alleges as follows:

### NATURE OF ACTION

1.      This is an action for deprivation of Plaintiff's civil rights, committed by Defendants

while acting in concert and under color of state law, of Plaintiff's rights, liberties, and immunities

as guaranteed to him by reason of the Fourth and Fourteenth Amendments to the United States

Constitution. This Court is authorized to grant Plaintiff relief under 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION

2.      Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1376(a).

## VENUE

3.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Nassau; the actual place of employment of all of the individual Defendants is the County of Nassau in the Eastern District of New York; and the County of Nassau is within the jurisdiction of the Eastern District of New York.  The events surrounding this lawsuit occurred in the County of Nassau, in the Eastern District of New York.  Additionally, Plaintiff resides within the County of Queens, in the Eastern District of New York.

## PARTIES

4.      Plaintiff, CARY ZIMBLER (hereinafter, referred to as "ZIMBLER" or "Plaintiff"), is a resident of the State of New York, who lives within the Eastern District of New York.

5.      Defendant, COUNTY OF NASSAU (hereinafter, referred to as "COUNTY"), is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the State of New York.

6.      Upon information and belief, at all relevant times described herein, Defendant COUNTY, by its agents and/or employees operated, maintained, and controlled the NASSAU COUNTY POLICE DEPARTMENT.

7.      Upon information and belief, at all relevant times described herein, Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter, referred to as "NCPD") is a

subdivision and/or agency of Defendant COUNTY and has an office at 1490 Franklin Avenue, Mineola, New York.

8.　　Upon information and belief, at all relevant times described herein, Defendant NASSAU COUNTY POLICE OFFICER MCCARTNEY (hereinafter, referred to as "MCCARTNEY") is a police officer who is being sued in his individual and official capacity and is an employee of Defendants COUNTY and NCPD. At all relevant times described herein, MCCARTNEY was acting under color of state law within the scope of his employment as a police officer employed by Defendants COUNTY and NCPD, and works under the supervision, direction, and/or control of his supervisors in the NCPD.

9.　　Upon information and belief, at all relevant times described herein, Defendant NASSAU COUNTY POLICE OFFICER OLSON (hereinafter, referred to as "OLSON") is a police officer who is being sued in his individual and official capacity and is an employee of Defendants COUNTY and NCPD. At all relevant times described herein, OLSON was acting under color of state law within the scope of his employment as a police officer employed by Defendants COUNTY and NCPD, and works under the supervision, direction, and/or control of his supervisors in the NCPD.

10.　　Upon information and belief, at all relevant times described herein, Defendant NASSAU COUNTY POLICE OFFICER JOHN DOES #1-10 (hereinafter, referred to as "PO JOHN DOES") are police officers who are yet unknown and are being sued in their individual and official capacities and are employees of Defendants COUNTY and NCPD. At all relevant times described herein, PO JOHN DOES were acting under color of state law within the scope of their employment as police officers employed by Defendants COUNTY and NCPD, and work under the supervision, direction, and/or control of their supervisors in the NCPD.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

11.     Plaintiff served a Notice of Claim upon COUNTY on October 6, 2022, within ninety days of the events giving rise to his claims.

12.     On February 28, 2023, ZIMBLER appeared for an examination pursuant to § 50-h of the New York General Municipal Law.

13.     More than thirty days have elapsed since Plaintiff served his Notice of Claim and NASSAU has not offered adjustment or payment thereof.

## FACTUAL ALLEGATIONS

14.     On or about September 7, 2022, ZIMBLER was lawfully driving his motor vehicle.

15.     On the aforementioned date, ZIMBLER was driving lawfully with his seatbelt on, not speeding and/or driving erratically on Austin Boulevard, near 3939 Long Beach Road, Barnum Island, County of Nassau, State of New York.

16.     While driving on the aforementioned public highway at approximately 9:20 P.M., ZIMBLER was pulled over by two plain-clothed Nassau County Police Officers, MCCARTNEY and/or OLSON and/or PO JOHN DOES, without probable cause or reason to believe an infraction has been committed.

17.     Upon being pulled over, ZIMBLER asked MCCARTNEY and/or OLSON and/or PO JOHN DOES, for the reason he was being pulled over.

18.     Upon ZIMBLER's request, MCCARTNEY and/or OLSON and/or PO JOHN DOES did not provide a reason for the stop but rather demanded that he provide his license, registration, and insurance.

19.     When ZIMBLER again asked why he was pulled over, MCCARTNEY and/or OLSON and/or PO JOHN DOES told him it was because he was "swerving all over the road".

20.     MCCARTNEY and/or OLSON and/or PO JOHN DOES then unlawfully forced ZIMBLER to exit his vehicle and detained him without reasonable suspicion.

21.     ZIMBLER again protested and asked for the reason for having to exit the vehicle at which point MCCARTNEY and/or OLSON and/or PO JOHN DOES forced him to exit his vehicle, detained him and then proceeded to search ZIMBLER'S vehicle without his consent, and while ZIMBLER posed no threat to the officers' safety.

22.     In effectuating the detainment and search, MCCARTNEY and/or OLSON and/or PO JOHN DOES were acting under the color of law.

23.     There was no legitimate basis and/or lawful authority for the detainment of ZIMBLER nor the search of his vehicle.

24.     After the search was finished, MCCARTNEY and/or OLSON and/or PO JOHN DOES released ZIMBLER and did not charge him with any crime nor infraction, as none had been committed.

25.     ZIMBLER was deprived of his liberty, caused to suffer economic hardship, mental anguish, pain and suffering, exposed to disgrace, public humiliation, and embarrassment.

26.     The above conduct has been and is known to COUNTY. Despite this knowledge, COUNTY has failed to take any action.

<u>**AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION**</u>
<u>**FOR FOURTH, FIFTH, AND FOURTEENTH AMENDMENT VIOLATIONS**</u>
<u>**UNLAWFUL DETAINMENT, EQUAL PROTECTION, AND DUE PROCESS**</u>
<u>**42 U.S.C. § 1983 AGAINST DEFENDANTS MCCARTNEY, OLSON, AND**</u>
<u>**PO JOHN DOES**</u>

27.     ZIMBLER repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

28.     Defendants MCCARTNEY, OLSON, and PO JOHN DOES acting under color of law violated the Fourth, Fifth, and Fourteenth Amendments by subjecting ZIMBLER to unequal treatment under the law, by way of their unauthorized and unlawful detainment, and MCCARTNEY, OLSON, and PO JOHN DOES' improper and wrongful detainment was without any violation of the law and absent probable cause or any reasonable suspicion of any criminal activity having been committed by ZIMBLER.

29.     On or about September 7, 2022, Zimbler was falsely seized and falsely detained, deprived of his freedom, subjected to humiliation and ridicule, and unlawfully imprisoned by Defendants in violation of the civil and Constitutional rights afforded to him via the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983. All acts by Defendants were committed under color of law, thus depriving ZIMBLER of rights secured by federal law and the United States Constitution.

30.     On or about September 7, 2022, Defendants MCCARTNEY and/or OLSON, and/or PO JOHN DOES falsely seized and falsely detained ZIMBLER, thus depriving him of his freedom and violating his civil rights. Said seizure was made without probable cause, as MCCARTNEY and/or OLSON and/or PO JOHN DOES were of the knowledge that ZIMBLER had committed no crime.

31.     Such seizure and detention were ordered, directed, and carried out by MCCARTNEY and/or OLSON and/or PO JOHN DOES, all of whom actively instigated and encouraged the violation of ZIMBLER'S rights.

32.     As part of the unlawful seizure and detention, Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES caused ZIMBLER to be deprived of his liberty, without probable

cause. Furthermore, as a direct result of said actions, ZIMBLER was unjustly exposed to disgrace, public humiliation, injury, and embarrassment.

33.     Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES individually and collectively knew at the time of ZIMBLER'S detainment, and at all times since then, that there was no evidence to support any allegation that he had violated any law.

34.     In arresting and detaining ZIMBLER, Defendants MCCARTNEY and/or OLSON, and/or PO JOHN DOES knew or should have known that they were violating federal law and ZIMBLER'S Constitutional rights set forth herein and had failed to prevent same and, therefore, acted in concert to harm ZIMBLER.

35.     Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES, separately and in concert, acted willfully, knowingly, and purposefully with the specific intent to deprive ZIMBLER of his right to freedom from illegal seizure of his person, freedom from illegal detention and imprisonment – all rights that are secured to ZIMBLER by the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. § 1983.

36.     As a direct and proximate result of the aforesaid acts of Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES, ZIMBLER suffered great physical harm, mental anguish and violation of rights from then until now and he will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES.

37.     As a result of said baseless false and unlawful detainment and abuse of process, ZIMBLER has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily of lost business opportunities, and other expenses incurred.

38.     As a proximate result of Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES' intentional and malicious actions, ZIMBLER was greatly humiliated, and other special damages, and has suffered great pain and mental anguish, all to ZIMBLER'S damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

**AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION
FOR FAILURE TO SUPERVISE (1983) AGAINST ALL DEFENDANTS**

39.     ZIMBLER repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

40.     Defendants were responsible for supervising, overseeing, and controlling their subordinates in the NCPD.

41.     As a proximate result of Defendants' intentional and malicious actions, ZIMBLER was greatly humiliated and other special damages, and has suffered great mental anguish causing damages, all to ZIMBLER'S damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION
## AGAINST DEFENDANT COUNTY (MONELL CLAIM)

42.     ZIMBLER repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

43.     Upon information and belief, it was the custom, policy, and practice of Defendants to pull over unsuspecting motorists without reasonable suspicion in the hopes of discovering criminal activity during the stop to justify an arrest.

44.     Employees of NCPD, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

45.     Employees of NCPD, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, that they would receive no reprimand or be punished for their conduct, and, further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

46.     By failing to supervise, train, and reprimand such Police Officers, COUNTY caused the injuries to ZIMBLER through the actions and inactions of the Individual Defendants.

47.     By maintaining a *defacto* policy of automatic indemnification, COUNTY caused the injuries to ZIMBLER through the actions and inactions of the Individual Defendants.

48.     Upon information and belief, it was the custom, policy, and practice of COUNTY to authorize and permit certain Police Officers, including the Individual Defendants, to cause unlawful detentions.

49.     Upon information and belief, it was the custom, policy, and practice of COUNTY to encourage and cause Constitutional violations by the Police Officers employed by COUNTY, including the violations of ZIMBLER'S constitutional rights by the individual Defendants.

50.     COUNTY'S failure to take action against its Police Officers involved in this incident, and in other similar incidents, was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to ZIMBLER.

51.     As authorized representatives of Defendant COUNTY, the Police Officers' conduct of illegal detainments, searches, and seizure of detainees and official misconduct, constituted a custom, policy, and practice which renders Defendant COUNTY liable to ZIMBLER as a "Person" acting under the color of state law.

52.     These customs, policies, and practices enforced by Defendants were the moving force, proximate cause, and/or affirmative link behind the conduct causing ZIMBLER'S injuries.

53.     Defendant COUNTY is therefore liable for violations of ZIMBER'S Constitutional rights as caused by its employees, as described in more detail in the paragraphs herein, and ZIMBER has suffered damages therefrom.

54.     As a proximate result of Defendant's customs, policies, and practices for creating an environment that tolerates, encourages, and condones such Constitutional violations, ZIMBLER was greatly humiliated, and other special damages, and has suffered great mental anguish causing damages, all to ZIMBLER'S damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION
## FOR SUBSTANTIVE DUE PROCESS (1983)
## AGAINST ALL DEFENDANTS

55.    ZIMBLER repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

56.    As a result of the facts alleged herein, ZIMBLER was denied his substantive rights under the United States Constitution.

57.    As a proximate result of Defendants' actions, ZIMBLER was greatly humiliated, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION
## FOR VIOLATION OF PLAINTIFF'S PROCEDURAL DUE PROCESS (1983)
## AGAINST ALL DEFENDANTS

58.    ZIMBLER repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

59.    Defendants initially detained and/or continued the detention of ZIMBLER without proper due process.

60.    As a result of this detention, ZIMBLER was denied his procedural rights under the United States Constitution.

61.    As a proximate result of Defendants' actions, ZIMBLER was greatly humiliated, and other special damages, and has suffered great mental anguish causing damages, all to

Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION FOR UNLAWFUL SEARCH (1983) AGAINST DEFENDANTS MCCARTNEY, OLSON, AND PO JOHN DOES

62.     ZIMBLER repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

63.     Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES had no reasonable basis or probable cause to believe Plaintiff had committed a crime, that he was concealing weapons or contraband, or that he posed a serious risk to the safety of the officers at the scene.

64.     By searching Plaintiff's vehicle without legal justification, Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983 including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

65.     Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES acted under pretense and color of state law and in their individual capacities and within the scope of their employment as an NCPD officer. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his

Constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

66.     As a proximate result of Defendants' actions, ZIMBLER was greatly humiliated, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR ABUSE OF PROCESS AGAINST ALL DEFENDANTS

67.     ZIMBLER repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

68.     Defendants subjected Plaintiff to unlawful search and seizure without just cause or reason. Defendants abused the criminal process in falsely arresting and unlawfully and falsely searching Plaintiff, to satisfy their personal goals of covering up their wrongdoing and to further their own purposes of exercising their privilege for their own warped sense of power.

69.     Defendants lacked reasonable suspicion to stop and detain Plaintiff, and further lacked any probable cause to cause Plaintiff to exit his vehicle, arrest Plaintiff, and search his vehicle for any period of time.

70.     Defendants created false and fabricated basis and statements for the purposes of unlawfully detaining and searching Plaintiff's person and/or property.

71.     Moreover, Defendants invented and fabricated circumstances which were used to support the false basis for unlawfully detaining and searching Plaintiff's person and/or property.

72.     Defendants' use of process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the legal process. The purpose behind Defendants' actions was to protect Defendants' illegal conduct and to harass, intimidate, coerce, silence, and punish Plaintiff.

73.     Defendants did not initiate the detainment, seizure, and search of Plaintiff as a result of actual knowledge that a crime was committed. Defendants' clear intention was to cover up their unlawful conduct and to intimidate Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

74.     As a direct consequence of the actions of Defendants, acting in furtherance of their duty as agents of NASSAU, Plaintiff suffered injuries, including but not limited to, stigmatization, embarrassment, loss of liberty, and the infringement of his rights guaranteed to him under the U.S. Constitution.

75.     Defendants MCCARTNEY and OLSON, with the aid of other named Defendants, falsified evidence and committed perjury in order to cover up the fact that Defendants acted unlawfully.

76.     As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, incidental fees/costs, loss of property, and other financial impairments.

77.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages and attorneys' fees pursuant to Title 42 § 1988.

## AS AND FOR PLAINTIFF'S EIGHTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING, IMPROPER SUPERVISION,
## AND IMPROPER RETENTION (PENDANT)
## AGAINST DEFENDANTS COUNTY AND NCPD

78.     ZIMBLER repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

79.     Upon information and belief, it was the custom, policy, and practice of COUNTY to hire certain Police Officers, including Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES, without conducting the appropriate background checks, investigations, and psychological evaluations.

80.     Upon information and belief, it was the custom, policy, and practice of COUNTY to conduct inadequate investigations of Police Officer candidates, as was done with Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES.

81.     Upon information and belief, it was the custom, policy, and practice of COUNTY to inadequately supervise the actions and conduct of Police Officers, including Defendants MCCARTNEY and/or OLSON and/or PO JOHN DOES.

82.     Upon information and belief, it was the custom, policy, and practice of COUNTY to continue to employ Police Officers including Defendants, MCCARTNEY and/or OLSON and/or PO JOHN DOES, after it is known that such Police Officers consistently violate the Constitutional rights of persons such as ZIMBLER.

83.     These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing ZIMBLER'S injuries.

84.     COUNTY is therefore liable for violations of ZIMBLER'S Constitutional rights as caused by Defendants as described in more detail in the foregoing paragraphs, and ZIMBLER has suffered damages therefrom.

85.     As a proximate result of Defendant's customs, policies, and practices for negligent hiring, improper supervision, and improper retention of Police Officers, ZIMBLER was greatly humiliated, and other special damages, and has suffered great mental anguish, all to ZIMBLER'S damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR PLAINTIFF'S NINTH CAUSE OF ACTION**
**FOR *RESPONDEAT SUPERIOR* (PENDENT)**
**AGAINST DEFENDANTS COUNTY AND NCPD**

86.     ZIMBLER repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

87.     By virtue of MCCARTNEY and/or OLSON and/or PO JOHN DOES' employment with COUNTY and their actions within the scope of their employment, COUNTY is liable for MCCARTNEY and/or OLSON and/or PO JOHN DOES' actions under a theory of *respondeat superior*.

88.     As a proximate result of Defendants' intentional and malicious actions, ZIMBLER was greatly humiliated, and other special damages, and has suffered great mental anguish, all to ZIMBLER'S damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR PLAINTIFF'S TENTH CAUSE OF ACTION
FOR FALSE IMPRISONMENT (PENDENT)
AGAINST ALL DEFENDANTS**

89.     ZIMBLER repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth a length herein.

90.     Defendants, acting under color of law and powers prescribed to them by the United States Constitution, federal, and state laws, subjected ZIMBLER to false imprisonment and assault. Defendants' improper and wrongful detainment was without any violation of the law and absent probable cause or any reasonable suspicion of any criminal activity having been committed by ZIMBLER.

91.     On or about September 7, 2022, ZIMBLER was falsely seized, falsely detained, deprived of his freedom, subjected to humiliation and ridicule, and unlawfully imprisoned by Defendants in violation of the civil and Constitutional rights afforded to him via the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983. All acts by Defendants were committed under color of law, thus depriving ZIMBLER of rights secured by federal law and the United States Constitution.

92.     On or about September 7, 2022, Defendants NCPD, MCCARTNEY and/or OLSON and/or PO JOHN DOES falsely seized and falsely detained ZIMBLER, thus depriving him of his freedom and violating his civil rights. Said seizure was made without probable cause, as NCPD, MCCARTNEY and/or OLSON and/or PO JOHN DOES were of the knowledge that ZIMBLER had committed no crime.

93.     Such seizure and detention were ordered, directed, and carried out by NCPD, MCCARTNEY and/or OLSON and/or PO JOHN DOES, all of whom actively instigated and encouraged the violation of ZIMBLER'S rights.

94.     As part of the false seizure and detention, Defendants NCPD and/or MCCARTNEY and/or OLSON, and/or PO JOHN DOES caused ZIMBLER to be deprived of his liberty, without probable cause. Furthermore, as a direct result of said actions, ZIMBLER was unjustly exposed to disgrace, public humiliation, injury, and embarrassment.

95.     Defendants NCPD, MCCARTNEY and/or OLSON and/or PO JOHN DOES individually and collectively knew at the time of ZIMBLER'S detainment, and at all times since then, that there was no evidence to support any allegation that he had violated any law.

96.     In arresting and detaining ZIMBLER, Defendants NCPD, MCCARTNEY and/or OLSON and/or PO JOHN DOES knew or should have known that they were violating federal law and ZIMBLER'S Constitutional rights set forth herein and had failed to prevent same and, therefore, acted in concert to harm ZIMBLER.

97.     Defendants NCPD, MCCARTNEY and/or OLSON and/or PO JOHN DOES, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of Defendants NCPD, MCCARTNEY and/or OLSON and/or PO JOHN DOES, separately and in concert, acted willfully, knowingly, and purposefully with the specific intent to deprive ZIMBLER of his right to freedom from illegal seizure of his person and freedom from illegal detention and imprisonment, all rights that are secured to ZIMBLER by the Fourth Amendment, the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. § 1983.

98.     As a direct and proximate result of the aforesaid acts of Defendants NCPD, MCCARTNEY and/or OLSON and/or PO JOHN DOES, ZIMBLER suffered great physical harm, mental anguish, and violation of rights from then until now and he will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of Defendants NCPD, MCCARTNEY and/or OLSON and/or PO JOHN DOES.

99.     As a result of said baseless false detainment and abuse of process, ZIMBLER has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily of lost business opportunities, and other expenses incurred.

100.    As a proximate result of Defendants' intentional and malicious actions, ZIMBLER was greatly humiliated, and other special damages, and has suffered great pain and mental anguish, all to ZIMBLER'S damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief:

A.     Under the FIRST CAUSE OF ACTION, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

B.     Under the SECOND CAUSE OF ACTION, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

C.     Under the THIRD CAUSE OF ACTION, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus attorney's fees;

D.     Under the FOURTH CAUSE OF ACTION, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

E.     Under the FIFTH CAUSE OF ACTION, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

F.     Under the SIXTH CAUSE OF ACTION, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

G.     Under the SEVENTH CAUSE OF ACTION, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages and attorney's fees;

H.     Under the EIGHTH CAUSE OF ACTION, in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

I.     Under the NINTH CAUSE OF ACTION, in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

J.     Under the TENTH CAUSE OF ACTION, in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus punitive damages;

K.     Costs and disbursements of this action; and

L.     Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
April 10, 2023

Respectfully Submitted,
**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff*

By:    /s/ *Pablo A. Fernandez*
Pablo A. Fernandez
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516.355.9696